**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 03-4649**

_____

UNITED STATES OF AMERICA,

                              Plaintiff - Appellee,

        versus

JOHN CHARLES BARKLEY, JR.,

                              Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Lacy H. Thornburg, District Judge.  (CR-02-195)

_____

Submitted:  February 27, 2004          Decided:  June 15, 2004

_____

Before WILKINSON, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

R. Deke Falls, Charlotte, North Carolina, for Appellant.  Robert J. Conrad, Jr., United States Attorney, Jack M. Knight, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Charles Barkley, Jr., pleaded guilty to committing three bank robberies, 18 U.S.C. § 2113(a) (2000), and was sentenced as a career offender to a term of 166 months imprisonment. Barkley contends on appeal that the district court clearly erred in finding that he made statements amounting to a threat of death during one of the robberies, U.S. Sentencing Guidelines Manual § 2B3.1(b)(2)(F) (2002), and in sentencing him as a career offender. USSG § 4B1.1. We affirm.

After the bank robbery on July 12, 2002, one of the bank tellers reported that the robber told her, "Don't do anything funny or I will shoot you." A second teller stated that the robber warned her, "Don't make me use my gun." Barkley conceded that these statements would constitute a threat of death as defined in Application Note 6 to § 2B3.1, but proffered at sentencing that he had not made the statements. The district court accepted the witnesses' statements and summarily overruled Barkley's objection to the enhancement. We find that the district court did not clearly err in this respect, see United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (stating standard of review), and that the basis for the court's finding was implicit in its ruling.

Barkley's career offender status was based on a prior conviction for bank robbery and a 1990 conviction for assault on a female. Barkley maintained that the latter misdemeanor conviction,

for which he received a two-year sentence of imprisonment, was constitutionally invalid. At sentencing, Barkley testified that he was not represented when he pleaded guilty to the assault and that he did not waive counsel. He acknowledged that he did not remember all the details of the hearing, but maintained that he was sure he had not been asked whether he wanted a lawyer. The district court noted that North Carolina law has long required that any defendant who may be subject to a term of imprisonment be informed of his right to counsel, and that Barkley had at least twelve prior criminal convictions by the time he pleaded guilty to the assault charge, which led the court to believe that by 1990 he was familiar with his right to counsel.

While a defendant may challenge at sentencing the validity of a prior conviction on the ground that he was denied counsel, Custis v. United States, 511 U.S. 485, 495 (1994), he bears the burden of showing that the prior conviction is invalid. United States v. Jones, 977 F.2d 105, 109 (4th Cir. 1992). Barkley had to overcome the presumption that the state court informed him of his right to counsel as it was required by statute to do. Parke v. Raley, 506 U.S. 20, 28-34 (1992) (holding that presumption of regularity that attaches to final judgments makes it appropriate for defendant to have burden of showing irregularity of prior plea). He failed to meet his burden because the district court did not find Barkley's testimony sufficiently clear or credible to

establish that he had not been informed of his right to counsel and had not waived counsel.  Given the court's assessment of Barkley's credibility, which we will not review, United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998), the court did not err in finding that Barkley had not been denied his right to counsel and that he qualified for sentencing as a career offender.

We therefore affirm the sentence imposed by the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED